## 40859. DAVIS v. DAVIS.
### (316 SE2d 455)

WELTNER, Justice.

The mother of a minor child was granted an appeal from the order of the superior court awarding permanent custody of the child to the father. After a temporary custody hearing, the trial court directed the Department of Family & Children Services to conduct an inquiry into the circumstances of the parties, as authorized by OCGA § 19-9-4 (a). Upon receipt of the report, the court made its award of permanent custody, but failed to grant the mother's request to examine the report.

OCGA § 19-9-4 (a) also provides, in part: "Any report made at the direction of the court shall be made available to either or both parties for a reasonable period of time prior to the proceedings at which any temporary or permanent custody is to be determined."

We view this provision as mandatory. See also *McNabb v. Carver*, 242 Ga. 526 (250 SE2d 447) (1978). Failure to comply therewith, as specifically requested by the mother, requires that the judgment of the trial court be reversed, and that the case be remanded for further proceedings.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

### DECIDED JUNE 12, 1984.

*Herbie L. Solomon, Willie E. Lockette,* for appellant.
*Ralph C. Smith, Jr.,* for appellee.

MARSHALL, Presiding Justice, dissenting.

I respectfully dissent.

Additional facts follow to provide a better understanding of this dissent.

The appellant filed a written motion for release of the report to her prior to the hearing on permanent custody. However, the permanent-custody hearing was not held before the same judge who conducted the temporary-custody hearing, and the DFCS report was not released to the appellant until after the permanent-custody hearing.

The appellant complains of the fact that the DFCS report was not released to her until after the permanent-custody hearing. The appellee responds that the appellant failed to raise any objection to this at the permanent-custody hearing. Therefore, the appellee argues that the appellant has waived this point. The appellant also contends that the custody award to the appellee constitutes a de facto award of custody to the paternal grandmother and is unsupported by the evidence.

1. The evidence shows that both the appellant and appellee work; thus, either one of them would have to entrust at least the day care of their son to a third person. The evidence also shows that the parties' son has been staying with the appellee's mother since the temporary-custody award to the appellee, and, as found by the trial court, the appellee's mother has a stable home life.

I would hold that under the evidence the trial court did not abuse its discretion in awarding permanent custody to the appellee. I would not say that the custody award to the appellee should be treated as an award to his mother.

2. The recommendation contained in the DFCS report was that permanent custody of the child be awarded to the appellant, and, although the report did contain information both favorable and unfavorable to her, the unfavorable information was also presented to the court in deposition testimony contained in the record. A review of the trial judge's order and the transcript of the permanent-custody hearing does not indicate that the trial court based its custody award on the DFCS report. In addition, in my opinion, the evidence introduced other than the report authorized the trial court's award of custody to the appellee.

Under the foregoing circumstances, such decisions as *In the Interest of M.A.C.*, 244 Ga. 645 (4) (261 SE2d 590) (1979) and the cases cited therein, compel me to conclude that admission of the report did not constitute reversible error. Therefore, I respectfully dissent.