## 44903. SPRAGGINS v. THE STATE.
(364 SE2d 861)

BELL, Justice.

This is a death penalty case that has been here previously. See, e.g., *Spraggins v. State,* 243 Ga. 73 (252 SE2d 620) (1979). After Spraggins was granted habeas corpus relief by the Federal Court of Appeals for the 11th Circuit, on the ground of ineffective assistance of counsel, his case was returned to our state courts for a retrial. See *Francis v. Spraggins,* 720 F2d 1190 (11th Cir. 1983). Spraggins has now been retried, convicted of murder and rape, and sentenced to death. He appeals, raising 55 enumerations of error. We find meritorious his contention that the trial judge erred by omitting to give a statutorily-mandated jury instruction concerning the verdict of "guilty but mentally ill." Because we do not find this error to be harmless, Spraggins' conviction must be reversed.[1]

1. OCGA § 17-7-131 (b) (1) provides: "In all [felony] cases in which the defense of insanity is interposed, the jury . . . shall find whether the defendant is: (A) Guilty; (B) Not Guilty; (C) Not guilty by reason of insanity at the time of the crime; or (D) Guilty but men-

---

[1] The defendant was sentenced to death on November 12, 1986. A motion for new trial was filed by the defendant on December 10, 1986, and supplemented April 27, 1987. The motion was denied May 15, 1987, and a notice of appeal was filed on June 12, 1987. The case was docketed in this court July 31, 1987. The parties were given extensions of time to file their briefs, and oral arguments were postponed to November 9, 1987.

tally ill at the time of the crime. . . ."

The term "mentally ill" is defined in OCGA § 17-7-131 (a) (2) and "means having a disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life *or having a state of significantly subaverage general intellectual functioning existing concurrently with defects of adaptive behavior which originates in the developmental period. . . .*" (Emphasis supplied.)

Psychologist Mary Drake testified on behalf of the defendant at the guilt phase of Spraggins' trial. Dr. Drake testified that the defendant is "significantly subaverage" in intelligence, that his low intelligence exists concurrently with "defects of adaptive behavior," and that these conditions originated in the developmental period. Under the statute, Spraggins was entitled to jury instructions on the possible verdict of guilty but mentally ill.

2. OCGA § 17-7-131 (b) (3) provides: "In all cases in which the defense of insanity is interposed, the trial judge *shall* charge the jury, in addition to other appropriate charges, the following: (A) I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, this court will maintain custody and control of the defendant until the court is satisfied that the defendant is not a danger to himself or to others. (B) I charge you that should you find the defendant guilty but mentally ill at the time of the crime, the defendant will be given over to the Department of Corrections or the Department of Human Resources, as the mental condition of the defendant may warrant." (Emphasis supplied.)

During the charge conference, the defendant called the court's attention to this Code Section. The trial court responded, "The pattern charge is a little different, but if this is the one you want, that's ok with me."

However, although the court did charge the language of OCGA § 17-7-131 (b) (3) (A), concerning the consequences of a verdict of not guilty by reason of insanity, the court omitted to charge OCGA § 17-7-131 (b) (3) (B) concerning the disposition of a defendant found to be guilty but mentally ill. The defendant's exception to this omission was overruled.

The Code mandates that the charge set forth in OCGA § 17-7-131 (b) (3) (B) "*shall*" be given. The trial court erred by failing to give it.

3. The state argues that any error to charge both parts of OCGA § 17-7-131 (b) (3) is harmless. But the language of this section is mandatory, and the failure to comply with a mandatory rule is presumptively harmful. *Poultryland, Inc. v. Anderson*, 200 Ga. 549, 562 (37 SE2d 785) (1946). See also *Davis v. Davis*, 253 Ga. 73 (316 SE2d 455) (1984).

It is clear that the purpose of OCGA § 17-7-131 (b) (3) (B) is to ensure that the jury understands that a verdict of guilty but mentally ill does not mean that the defendant will be released. Here, not only was the jury *not* so informed, but the prosecutor's argument strongly implied that such a verdict would result in the defendant's release.

He argued: "Folks, he's either guilty or he's not. You need to excuse him or you don't. If you want to excuse him, that's your decision. . . . So, . . . if you think he's guilty, but you don't want to punish him, or if you want to say to [the victim], 'We don't care what happened to you, and we don't care what you went through,' you just find him guilty but mentally retarded, then tell all the other mentally [sic] people, 'Don't worry about it . . . you can do anything. . . .' "

In view of the prosecutor's closing argument, we cannot say that the jury's decision to find Spraggins guilty instead of guilty but mentally ill was not contributed to by the court's omission to charge on the consequences of the latter verdict. Compare *Loftin v. State*, 180 Ga. App. 613, 615 (3) (349 SE2d 777) (1986). We conclude, therefore, that the state has failed to meet its burden to show that the error was harmless. *Henderson v. State*, 251 Ga. 398 (2) (306 SE2d 645) (1983).[2]

4. Spraggins' conviction must be reversed. Because the evidence meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the case may be retried. The remaining enumerations of error need not be addressed. However, regarding the prosecutor's closing argument in which he compared the defendant's attorney to the "devil in church," see *Fugitt v. State*, 256 Ga. 292, 296 (1 d) (348 SE2d 451) (1986).

*Judgment reversed. All the Justices concur, except Weltner and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

At the guilt-innocence phase of his last trial, Spraggins' plea was not guilty by reason of insanity. OCGA § 17-7-131 (b) (1) requires the trial court under these circumstances to instruct the jury with respect to the four possible verdicts it may return, and as to the consequences if the verdict is not guilty by reason of insanity, or guilty but mentally ill.

---

[2] The harm identified above is the reasonable possibility that the error contributed to a verdict of guilty rather than guilty but mentally ill. Of course, if the differences between the two verdicts are inconsequential, the defendant arguably was deprived of no real benefit, and the error is harmless anyway.

We have not yet resolved the question of whether a defendant found to be guilty but mentally ill is eligible for a death sentence, in light of the statutory provisions concerning such a verdict, but we need not do so today, for in any event, we are not prepared to hold that the legislature of this state has created a meaningless verdict, or that the difference between a verdict of guilty and a verdict of guilty but mentally ill is inconsequential.

OCGA § 17-7-131 (b) (3) specifies the manner of instruction, as follows: "(A) I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, this court will maintain custody and control of the defendant until the court is satisfied that the defendant is not a danger to himself or to others. (B) I charge you that should you find the defendant guilty but mentally ill at the time of the crime, the defendant will be given over to the Department of Corrections or the Department of Human Resources, as the mental condition of the defendant may warrant." The trial judge failed to read the second subparagraph of the statutory instruction, and for that the majority reverses.

I dissent because I see no way in which that omission, although failing to comply with the requirements of the Code, was in any way harmful to Spraggins.

(1) There is no real question that Spraggins committed the murder of France Coe.[1]

(2) The jury had all information that could be gathered touching on Spraggins' mental and emotional condition, and with the exception of the charge on the *consequence* of a verdict of guilty but mentally ill, the jury was instructed on all aspects of OCGA § 17-7-131.[2]

(3) The error occurred during the guilt-innocence phase of the trial, not the punishment phase. As such, it could not have influenced the death penalty.

I am authorized to state that Justice Hunt joins in this dissent.

DECIDED FEBRUARY 18, 1988 —
RECONSIDERATION DENIED MARCH 2, 1988.

*Michael Kennedy McIntyre,* for appellant.
*William G. Hamrick, Jr., District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.

---

[1] *Spraggins v. State,* 240 Ga. 759 (243 SE2d 20) (1978) (conviction and life sentence affirmed, death penalty reversed, new trial ordered on sentence only); *Spraggins v. State,* 243 Ga. 73 (252 SE2d 620) (1979) (second death penalty verdict affirmed); *Francis v. Spraggins,* 720 F2d 1190 (11th Cir. 1983) (habeas corpus relief granted on the ground of ineffective assistance, new trial ordered).

[2] The charge included the consequence of a verdict of not guilty by reason of insanity. The statutory charge as to guilty but mentally ill simply does not apply in a death penalty case. If a defendant is sentenced to be executed, he most assuredly is not "given over to the Department of Corrections or the Department of Human Resources as the mental condition of the defendant may warrant."