## 45546. GUILFORD v. THE STATE.
(368 SE2d 116)

MARSHALL, Chief Justice.

William Allen Guilford appeals his conviction of the murder of James W. Johnson and the kidnapping of Kathy H. Burt, for which he received consecutive sentences of life and 10 years' imprisonment respectively.[1] For reasons which follow, we reverse.

1. OCGA § 17-7-130.1 provides in part:

> When notice of an insanity defense is filed, the court *shall* appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial. This testimony *shall* follow the presentation of the evidence for the prosecution and for the defense, including testimony of any medical experts employed by the state or by the defense. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such a medical witness. [Emphases supplied.]

Here, the appellant, at his arraignment, filed a notice of intent to raise the issue of his insanity or mental incompetence as part of his defense, thereby invoking the provisions of the above statute for a court-appointed medical expert. Although there may be a basis in the record for holding that there was waiver of this right and/or harmless error, nevertheless the appellant is entitled to this statutory right on the retrial of the case, which we order on other grounds. (See Div. 3, post.)

2. The appellant enumerates as error the trial court's denial of his motion for new trial on the ground that the verdict was invalidated by the misconduct of a juror in making a telephone call during the trial of the case to the mother of one of the defense witnesses, in which conversation the issue of whether the appellant had had a psychiatrist examine him was discussed. We do not reach the question of whether the state carried its burden of rebutting the presumption of harm raised by this conduct, *Owens v. State*, 251 Ga. 313 (9) (305 SE2d 102) (1983), as this error is not likely to recur on retrial.

3. In all cases in which the defense of insanity is interposed, the jury, or the court if tried by it, shall find whether the

---

[1] The crimes occurred on April 13, 1987. Guilford was convicted on August 14, 1987, and sentenced on August 28, 1987. His motion for new trial was filed on September 11, 1987, and denied on December 8, 1987. Notice of appeal was filed on December 31, 1987. The transcript of evidence was filed on February 10, 1988. The record was docketed in this Court on March 8, 1988. After briefs were filed, the case was argued on May 9, 1988.

defendant is: (A) Guilty; (B) Not guilty; (C) Not guilty by reason of insanity at the time of the crime; or (D) Guilty but mentally ill at the time of the crime, but the finding of guilty but mentally ill shall be made only in felony cases.

OCGA § 17-7-131 (b) (1).

In all cases in which the defense of insanity is interposed, the trial judge shall charge the jury, in addition to other appropriate charges, the following: (A) I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, this court will maintain custody and control of the defendant until the court is satisfied that the defendant is not a danger to himself or to others.

OCGA § 17-7-131 (b) (3) (A).
Failure to give such a charge when required by the statute is reversible error. *Spraggins v. State*, 258 Ga. 32 (364 SE2d 861) (1988).

Although the jury was instructed that a defendant's insanity did not need to be proved by expert testimony, and although the verdict form contained the possible verdict of "not guilty by reason of insanity," the charge required by § 17-7-131 (b) (3) (A) was not given. Accordingly, this was reversible error, requiring a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 26, 1988.

*Charles G. Haldi, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.