## A92A1747. MACK v. THE STATE.
(425 SE2d 671)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty on five counts for aggravated assault (Counts 1, 3, 5, 7 and 9), three counts for possession of a knife during the commission of a crime (Counts 2, 6 and 8), and two counts for possession of a firearm during the commission of a crime (Counts 4 and 10). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the trial court erred in failing to instruct the jury that they must cease deliberations if they find him not guilty by reason of insanity and not consider the issue of guilty but mentally ill.

"The Supreme Court in *Keener* [*v. State*, 254 Ga. 699, 702 (2) (334 SE2d 175)], . . . held that when the trial court charges the jury on the defense of insanity and on guilty but mentally ill at the time of the crime, '*the trial court must make clear to the jury in its charge* that if they find the defendant did not have the mental capacity to distinguish between right and wrong (or acted because of delusional compulsion), they must find the defendant not guilty by reason of insanity and must not find the defendant guilty but mentally ill. *That is to say, if the jury finds the defendant not guilty by reason of insanity, their deliberations must cease, and the jury should not thereafter consider whether the defendant was guilty but mentally ill.* (Emphasis supplied.)" *Price v. State*, 179 Ga. App. 598, 601 (1) (347 SE2d 608).

In the case sub judice, the trial court failed to instruct the jury in accordance with the Supreme Court's holding in *Keener v. State*, 254 Ga. 699, 702 (2), supra. However, we find no harmful error as the jury's verdict reveals no compromise. The jury rejected options of not guilty, not guilty by reason of insanity, and guilty but mentally ill on a special verdict form and chose options which reflect their finding that defendant is guilty, beyond a reasonable doubt, on all counts of the indictment. Compare *Price v. State*, 179 Ga. App. 598, 601 (1), supra.

2. Defendant contends the trial court erred in failing to instruct the jury on the issue of guilty but mentally retarded, arguing that OCGA § 17-7-131 (c) requires such an instruction when a defense of mentally incompetent is asserted.

"In all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge shall instruct the jury that they may consider, in addition to verdicts of 'guilty' and 'not guilty,' the additional verdicts of 'not guilty by reason of insanity at the time of the crime,' 'guilty but mentally ill at the time of the crime,' and 'guilty but mentally retarded.' " OCGA § 17-7-131 (c).

In the case sub judice, defendant's primary defense was that he was mentally incompetent at the time of the crime. Further, there was expert testimony indicating that defendant is mentally retarded. Nonetheless, the trial court failed to instruct the jury that they may consider, in addition to verdicts of guilty, not guilty, not guilty by reason of insanity, and guilty but mentally ill, the additional verdict of guilty but mentally retarded. In fact, the option of guilty but mentally retarded was not included on the special verdict form provided to the jury. The special verdict form provided only the options of guilty beyond a reasonable doubt, not guilty, not guilty by reason of insanity, and guilty beyond a reasonable doubt but mentally ill.

404

Under these circumstances, we must reverse for a new trial. See *Spraggins v. State*, 258 Ga. 32 (364 SE2d 861), where the Supreme Court reversed for a new trial, holding that evidence of mental retardation entitles a defendant to jury instructions on the possible verdict of guilty but mentally ill. Compare *Fleming v. Zant*, 259 Ga. 687 (386 SE2d 339), and *Zant v. Foster*, 261 Ga. 450 (406 SE2d 74).

3. Defendant asserts ineffective assistance of counsel in his second enumeration. It is unnecessary to address this contention in light of the holding in Division 2 of this opinion.

4. Defendant contends the trial court's instruction on guilty but mentally ill impermissibly shifted the burden of proof, requiring him to prove, by a preponderance of the evidence, that he was mentally ill at the time of the crimes charged. This contention is without merit for the reasons stated in *Mitchell v. State*, 187 Ga. App. 40, 45 (7) (369 SE2d 487).

5. Defendant's final enumeration does not assert error which is likely to occur upon retrial.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 20, 1992.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Elise B. Gray, Assistant District Attorney*, for appellee.