S07A1754. FOSTER v. THE STATE.
(656 SE2d 838)

HUNSTEIN, Presiding Justice.

A jury found appellant Calvin Wayne Foster guilty of malice murder, felony murder, and possession of a firearm during the commission of a crime in connection with the shooting death of his estranged wife. The trial court denied Foster's motion for new trial[1] and he appeals.

1. On the morning of the shooting, Foster and the victim argued at Foster's home. The victim ran to a neighbor's house for help and was shot on the neighbor's front porch. Foster was seen driving away

---

[1] The crimes occurred on September 27, 2005. On December 20, 2005, Foster was indicted in Richmond County on charges of malice murder, felony murder with aggravated assault as the underlying felony, and possession of a firearm during the commission of the crime of felony murder. He was convicted on all counts and sentenced on November 21, 2006 to life imprisonment for murder and a five-year consecutive term for firearm possession. Foster's motion for new trial was filed on December 15, 2006, amended on June 12, 2007, and denied on July 9, 2007; his notice of appeal was timely filed. The appeal was docketed in this Court on August 3, 2007 and submitted for decision on the briefs.

from his home soon thereafter. He called the victim's brother and confessed to the shooting, then called police and asked that they meet with him regarding the events of that morning. After Foster was located and taken into custody, he confessed.

At trial, Foster contended that he was temporarily insane at the time of the crimes. He offered the testimony of forensic psychologist James Stark, who opined on the stand that Foster likely had a "transitory psychotic episode" during the event in question and did not know the difference between right and wrong at the time. On cross-examination, Stark's July 2006 evaluation of Foster, in which he stated that Foster "probably knew the difference between right and wrong at the time of the shootings," was admitted into evidence. The State also offered rebuttal testimony from the forensic psychologist who conducted a court-ordered evaluation in September 2006 and found that Foster was able to determine right from wrong at the time of the crimes. Neither expert believed that Foster was acting on a delusional compulsion.

A person who is legally insane at the time of a crime, i.e., one who does not have the mental capacity to distinguish between right and wrong or who acts because of a delusional compulsion, is not guilty of that crime. OCGA §§ 16-3-2, 16-3-3. A defendant claiming insanity has the burden of proving this affirmative defense by a preponderance of the evidence; unless the evidence of insanity is overwhelming, a jury determination that the defendant was sane at the time of the crime will be upheld. *Whitner v. State*, 276 Ga. 742 (6) (584 SE2d 247) (2003). Here, the evidence regarding Foster's mental state at the time of the crimes was conflicting and the jury was authorized to find that Foster failed to prove his insanity by a preponderance of the evidence. In addition, the evidence was sufficient for a rational trier of fact to find Foster guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Foster claims that the trial court erred by failing to fully charge the jury on his defense of insanity. The trial court gave a pattern charge based on OCGA § 17-7-131, which instructed the jury to determine whether Foster was: (1) not guilty; (2) not guilty by reason of insanity; (3) guilty beyond a reasonable doubt; (4) guilty but mentally ill; or (5) guilty but mentally retarded. See id. at (b) (1), (c). This charge also instructed the jury that because the law makes a distinction between being insane at the time of the crime and being mentally ill or mentally retarded, an understanding of these terms is necessary. Although the trial court proceeded to give the pattern jury instruction that defines insanity as the inability to distinguish between right and wrong at the time of the act, it failed to define the terms "mentally ill" and "mentally retarded." And although it advised the jury that if it found Foster not guilty by reason of insanity at the

time of the crime he would be committed to a state mental health facility, see OCGA § 17-7-131 (b) (3) (A), it failed to advise the jury of the consequences of a verdict of guilty but mentally ill or guilty but mentally retarded, i.e., that Foster would be incarcerated. See OCGA § 17-7-131 (b) (3) (B), (C).

When a defense of insanity has been interposed, OCGA § 17-7-131 (c) requires that the jury be instructed to consider all five verdict options set forth therein.[2] The failure to charge on all five options is harmless error if there is no evidence to support the verdict option or options omitted. See *Roberts v. State*, 257 Ga. App. 296 (4) (570 SE2d 708) (2002). Here, however, Foster's expert did provide some evidence that was relevant to the issues of mental illness and mental retardation, i.e., that Foster suffered from depression and anxiety, that he appeared to have learning disabilities, and that he had a mental age of approximately 14 years. Thus, the trial court did not err in giving the jury all five verdict options. Compare *Mack v. State*, 206 Ga. App. 402 (2) (425 SE2d 671) (1992) (reversing for failure to instruct on option of guilty but mentally retarded when there was expert testimony to support finding of mental retardation).

Whether the evidence was sufficient to establish that Foster was mentally ill or mentally retarded was for the jury to decide. OCGA § 17-7-131 (c) (2), (3). Without the statutory definitions of mental illness[3] and mental retardation,[4] however, the jury was unable to make this assessment and thus to give proper consideration to the potential verdicts of guilty but mentally ill or guilty but mentally retarded. Compare *McDuffie v. State*, 210 Ga. App. 112 (1) (435 SE2d 452) (1993) (failure to charge on definition of or criteria for returning alternative verdicts harmless because no evidence to support such verdicts). Moreover, the failure to advise the jury of the consequences of rendering either of these verdicts in accordance with OCGA § 17-7-131 (b) (3) (B) and (C)[5] is presumptively harmful. *Spraggins v.*

---

[2] OCGA § 17-7-131 (c) provides:
In all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge shall instruct the jury that they may consider, in addition to verdicts of "guilty" and "not guilty," the additional verdicts of "not guilty by reason of insanity at the time of the crime," "guilty but mentally ill at the time of the crime," and "guilty but mentally retarded."

[3] "Mentally ill" means having a disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life. OCGA § 17-7-131 (a) (2).

[4] "Mentally retarded" means having significantly subaverage general intellectual functioning resulting in or associated with impairments in adaptive behavior that manifested during the developmental period. OCGA § 17-7-131 (a) (3).

[5] OCGA § 17-7-131 (b) (3) provides in pertinent part:

*State*, 258 Ga. 32 (2), (3) (364 SE2d 861) (1988) (decided under previous version of OCGA § 17-7-131 (b) (3)). The State has not shown that the jury's lack of knowledge that Foster would be incarcerated following a verdict of guilty but mentally ill or guilty but mentally retarded did not contribute to its verdict of guilty. See id. at (3).

A trial court's instructions, considered as a whole, must not mislead or confuse the jury. *Laster v. State*, 276 Ga. 645 (5) (581 SE2d 522) (2003). Here, the jury was required to understand the legal distinctions between insanity, mental illness, and mental retardation, but never given the guidance necessary to reach such an understanding. Because we cannot conclude that the jury was not misled or confused under these circumstances and because the instructions given failed to comply with statutory directives, Foster's conviction must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

In all cases in which the defense of insanity is interposed, the trial judge shall charge the jury, in addition to other appropriate charges, the following: . . .

(B) I charge you that should you find the defendant guilty but mentally ill at the time of the crime, the defendant will be placed in the custody of the Department of Corrections which will have responsibility for the evaluation and treatment of the mental health needs of the defendant, which may include, at the discretion of the Department of Corrections, referral for temporary hospitalization at a facility operated by the Department of Human Resources.

(C) I charge you that should you find the defendant guilty but mentally retarded, the defendant will be placed in the custody of the Department of Corrections, which will have responsibility for the evaluation and treatment of the mental health needs of the defendant, which may include, at the discretion of the Department of Corrections, referral for temporary hospitalization at a facility operated by the Department of Human Resources.