297 Ga. 234
FINAL COPY

S15A0405. NORRED v. THE STATE.

BENHAM, Justice.

A jury found appellant Richard P. Norred guilty but mentally ill for the

shooting death of his sister Leigh Pope, the attempted murders of his sister Amy

Norred Lefebvre and of his mother Carol Norred, and related crimes.[1] Appellant

---

[1] The crimes occurred on April 20, 2010. On July 10, 2010, an Athens-Clarke County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder, criminal attempt to commit murder (two counts), aggravated assault (four counts), possession of a firearm during the commission of a crime (nine counts), and cruelty to children in the first degree. Appellant was tried before a jury from July 9, 2012, to July 16, 2012, at which time the jury returned a verdict of guilty but mentally ill as to all counts in the indictment. On August 17, 2012, the trial court sentenced appellant to life in prison for malice murder (Count 1), thirty years to serve for the criminal attempt to commit murder (Count 4) to run concurrently to the sentence for Count 1, thirty years to serve for the criminal attempt to commit murder (Count 6) to run consecutively to the sentence for Count 4, twenty years to serve for aggravated assault (Count 8) to run concurrently with the sentences for Counts 1 and 4, twenty years to serve for cruelty to children in the first degree (Count 9) to run consecutively to the sentence for Count 8, five years to serve for possession of a firearm during the commission of a crime (Count 10) to run consecutively to the sentence for Count 1, five years to serve for possession of a firearm during the commission of a crime (Count 13) to run consecutively to the sentence for Count 4, five years to serve for possession of a firearm during the commission of a crime (Count 15) to run consecutively to the sentence for Count 6, five years to serve for possession of a firearm during the commission of a crime (Count 17) to run consecutively to the sentence for count 8, and five years to serve for possession of a firearm during the commission of a crime (Count 18) to run consecutively to the sentence for Count 9. The felony murder count was vacated as a matter of law, and the remaining counts merged for sentencing purposes. Appellant moved for a new trial on August 27, 2012. The trial court held a hearing on the motion on November 6, 2013, and denied the motion on November 6, 2013. Appellant filed his notice of appeal on November 8, 2012, and the case was docketed to the January 2015 term of this Court for a decision to be made on the briefs.

alleges on appeal that the evidence was insufficient to support the jury's verdicts. For reasons set forth below, we affirm.

The facts, which are undisputed, showed that on the afternoon in question, appellant's mother and sisters were having lunch at their parents' house when appellant walked into the room and shot his sister Leigh in the head killing her, and shot at and injured his mother and his sister Amy. Amy called 911, but dropped the telephone. Appellant pointed the gun at his infant niece Haley Pope. When Amy begged him not to shoot the child, appellant stated, "problem's not with you anyway," and then appellant walked away toward his mother. Amy ran with Haley and the telephone, locked herself in a nearby bathroom along with her son who was already in there, and again contacted authorities. While his mother was lying injured on the floor, appellant had a conversation with her indicating he was upset about some incidents that occurred during his childhood. Appellant then locked all the doors to the house and retreated to an upstairs bathroom where he shot himself, but was not fatally wounded. That is where police found him.

The evidence also showed that appellant had a history of mental difficulties and was diagnosed over the course of his life as having various

2

disorders including attention deficit disorder, childhood schizophrenia, and Asperger's disorder. After graduating from high school, appellant did not move out of his parents' house and he refused to learn to drive or to work. Appellant was twenty-seven at the time of the incident. In the months leading up to the shooting, he became more withdrawn from his family members. He spent his nights playing video games on the computer[2] and his days sleeping or watching television. The gun appellant used during the incident was a gun owned by his father. Appellant's father testified that he never told appellant about the gun, never showed appellant the gun, and had the gun hidden in a drawer in the bedroom he shared with appellant's mother. Appellant's mother testified that appellant had been eavesdropping on recent conversations and that his sisters were fearful that he was becoming more aggressive.

At trial, appellant raised an insanity defense and proffered expert testimony in that regard. Appellant's sole enumeration of error on appeal is that the evidence was insufficient to support the jury's verdict of guilty but mentally

---

[2] Appellant's favorite game was World of Warcraft and he was highly skilled at it, playing for hours and interacting with other players over the Internet.

ill.  Rather, appellant contends that the only verdict supported by the evidence was that he was not guilty by reason of insanity.  We disagree.

> Under Georgia law, a person is insane, and shall not be guilty of a crime, if at the time of the act, omission, or negligence constituting the crime, the person did not have mental capacity to distinguish between right and wrong in relation to the criminal act or acted because of a delusional compulsion which overmastered his will to resist committing the crime. OCGA §§ 16-3-2, 16-3-3; [cit.]. A defendant claiming insanity has the burden of proving the defense by a preponderance of the evidence. Id. Because Georgia law presumes every person is of sound mind and discretion, criminal trials begin with the rebuttable presumption that the defendant is sane and this presumption is evidence. OCGA § 16-2-3; [cit.].

Durrence v. State, 287 Ga. 213 (1) (a) (695 SE2d 227) (2010).  Where the defense presents evidence in support of a defense of insanity, a jury is authorized to reject such evidence.  See Choisnet v. State, 295 Ga. 568 (1) (761 SE2d 322) (2014).  On appeal, we determine

> whether, viewing the evidence in the light most favorable to the verdicts, a rational trier of fact could have found that [appellant] failed to prove by a preponderance of the evidence that he was insane at the time of the crimes, and whether the State met its

4

burden of proving he was guilty, but mentally ill, beyond a reasonable doubt. Hudson v. State, 273 Ga. 124 (1) (538 SE2d 751) (2000).

Here, appellant's expert witness, Dr. Matt Butryn, conducted a forensic psychological examination of appellant and diagnosed appellant as having major depressive disorder, Asperger's disorder, and schizoid personality disorder. Dr. Butryn opined that, at the time of the shooting, appellant had a diminished capacity for distinguishing between right and wrong and that he was delusional insofar as he believed that his family members were hiding things from him and that "the world" was out to "get" him. Dr. Butryn also stated, however, that appellant was not under any delusion that his mother or sisters were doing anything that placed him in fear for his life.

The court-appointed psychologist, Dr. Deborah Gunnin, also testified at trial during the State's presentation of rebuttal evidence. Like Dr. Butryn, Dr. Gunnin concluded that appellant had Asperger's disorder. She opined, however, that, despite having Asperger's disorder, appellant knew right from wrong and was not suffering from any delusional compulsion that overmastered his will to

5

resist committing the crime against his family members. As an example of appellant's knowing right from wrong, Dr. Gunnin noted that appellant told her he locked the house doors in the aftermath of the incident because he believed the police would be coming, indicating he understood the wrongfulness of his actions. She also opined that the fact that appellant resisted shooting the infant indicated he was not suffering from any delusion that overmastered his will.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find, beyond a reasonable doubt, appellant guilty but mentally ill of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); Foster v. State, 283 Ga. 47 (1) (656 SE2d 838) (2008). Dr. Gunnin testified that appellant knew right from wrong and that his Asperger's disorder did not impact his ability to discern right from wrong. Although Dr. Butryn opined that appellant was delusional, appellant presented no evidence that he was suffering from a delusion that "if it had been true, would have justified [his] actions." (Citations and punctuation omitted.) Alvelo v. State, 290 Ga. 609 (3) (724 SE2d 377) (2012). See also Hudson v. State, supra, 273 Ga. at 125. The trial court did not

err when it entered judgment on the jury's verdicts.  <u>Alvelo v. State</u>, supra, 290 Ga. at 613.

Judgment affirmed.  All the Justices concur.


Decided June 1, 2015.

Murder. Clarke Superior Court. Before Judge Sweat.

<u>John W. Donnelly</u>, for appellant.

<u>Kenneth W. Mauldin</u>, District Attorney, <u>Jon R. Forwood</u>, Assistant District Attorney; <u>Samuel S. Olens</u>, Attorney General, <u>Patricia B. Attaway Burton</u>, Deputy Attorney General, <u>Paula K. Smith</u>, Senior Assistant Attorney General, <u>Matthew B. Crowder</u>, Assistant Attorney General, for appellee.