BURKE, Judge.
Jeremy K. Harrison was convicted of manslaughter,[1] a violation of § 13A-6-3, Ala.Code 1975, and was sentenced to 10 years’ imprisonment. Harrison was also ordered to pay court costs, a $1,000 fine, a $200 assessment to the Alabama Crime Victims Compensation Fund, and restitution. This appeal followed.
*128 This case arose out of an altercation between Harrison and the victim, Reginald Gibbs. The evidence at trial indicated that, on October 30, 2010, Harrison and Gibbs got into a fight in the parking lot of a nightclub in Enterprise. At some point during the fight, Harrison obtained a pistol and fatally shot Gibbs. Harrison maintained that he acted in self-defense.
Prior to trial, Harrison filed a motion seeking immunity from prosecution pursuant to § 13A-3-23(d), Ala.Code 1975, which provides that “[a] person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.” Over the State’s objection, the trial court conducted a pretrial hearing at which Harrison was allowed to present evidence that he was justified in using deadly physical force and was consequently immune from prosecution. In its order disposing of Harrison’s motion, the trial court held:
“The State objected to the court granting said evidentiary hearing. This court has conducted extensive research of the law and how the Self Defense/Stand Your Ground/Immunity Laws have been applied in other states. After considering the law and its application in other states this court is of the opinion that a hearing is allowed and required. This court must attempt to give effect to the legislature’s intentions in § 13A-3-23, Code of Alabama. Florida, Colorado, Georgia, Oklahoma, North Carolina, and South Carolina have similar immunity laws. See Fair v. State, 284 Ga. 165 (2008), Dennis v. State, 51 So.3d 456 (Fla.2010). The above mentioned states have determined that the Defendant must show by a preponderance of the evidence that immunity attaches.”
(C. 99.) After the hearing, the trial court determined that Harrison failed to prove his immunity by a preponderance of the evidence, and it denied Harrison’s motion for immunity from prosecution.
In its brief on appeal, the State does not reassert its argument that the evidentiary hearing was improper. However, there is currently no Alabama caselaw interpreting § 13A-3-23(d), Ala.Code 1975. In order to properly address the arguments presented on appeal, this Court must determine whether § 13A-3-23(d) requires a trial court to conduct a pretrial immunity hearing. Thus, we feel it appropriate to address that issue in the present case.
Section 13A-3-23(d) provides: “A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlaivfuU’ (Emphasis added.) The legislature added subsection (d) to Alabama’s self-defense statute as a part of the 2006 amendment to § 13A-3-23, Ala.Code 1975. See Act No. 2006-303, Ala. Acts 2006. The legislature did not, however, define the phrase “immune from criminal prosecution” or provide a specific procedure for determining immunity. Additionally, the legislature did not specify who would determine whether the defendant’s conduct was unlawful.
In its response to Harrison’s motion for immunity from prosecution, the State argued that a pretrial hearing for a determination of immunity was improper because, it said, § 13A-3-23(d) does not specifically provide for such a hearing. The State also argued that the determination of immunity was a jury question that should be decided at trial.
Although the legislature did not define the phrase “immune from criminal prosecution” in the context of a self-defense *129 claim, the Alabama Supreme Court in Ex parte Auburn University, 6 So.3d 478 (Ala.2008), in addressing a petitioner’s claim that the trial court had “erred in choosing to address their sovereign-immunity defenses at trial rather than addressing them at the summary-judgment stage of the litigation,” discussed the purpose of immunity and how it differs from an affirmative defense. The Court stated:
“‘“One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.” ’ Ryan v. Hayes, 831 So.2d 21, 31 (Ala.2002) (quoting Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). Additionally, this Court has stated:
“ ‘ “Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is ‘an entitlement not to stand trial or face the other burdens of litigation.’ Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is ‘an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.’ Ibid. As a result, ‘we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.’ Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).” ’
“Ryan, 831 So,2d at 31-32 (quoting Saucier v. Katz, 533 U.S. 194, 199-202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
“The trial court reasoned that because the parties had waived the right to a jury trial in this case, in favor of a bench trial, a ‘great deal of costs and- expense’ associated with a jury trial would be alleviated. However, by delaying until trial its determination of the sovereign-immunity defenses asserted by the petitioners, the trial court has effectively denied the petitioners their privilege of not being subjected to suit and their right to not stand trial and face the burdens of litigation should their immunity defenses prove dispositive. Ryan, supra. Accordingly, we conclude that the trial court erred in failing to -address the sovereign-immunity defenses at the summary-judgment stage of the litigation,”
6 So.3d at 484 (emphasis added).
When interpreting the language of a statute, this Court is guided by -the well settled principles laid out by the Alabama Supreme Court:
“The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Gholston v. State, 620 So.2d 719 (Ala.1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala.1992).”
Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996).
“Immune” is defined as “[bjaving' immunity; exempt from a duty or liability.” Black’s Law Dictionary. (10th ed.2014). “Criminal prosecution” is defined as “[a] criminal proceeding in which an accused *130 person is tried.” Id, Thus, by using the phrase “immune from criminal prosecution” in § 13A-3-23(d), the legislature intended to exempt from trial an accused who uses force as justified in § 13A-3-23, unless the accused’s conduct is “determined to be unlawful.” When read together, those phrases lead to the conclusion that a determination must be made, prior to the commencement of trial, as to whether a defendant’s conduct was justified or whether it was unlawful. The only available mechanism for such a determination is a pretrial hearing.
' Submitting the question of immunity to a jury, as the State suggested, would render a defendant’s right to immunity illusory. As noted in Ex parte Auburn University, supra, the right to immunity “is effectively lost if a case is erroneously permitted to go to trial.” Additionally, Alabama law has always allowed a defendant to argue self-defense at trial. Thus, treating the right to immunity under § 13A-3-23(d), as an affirmative defense would make that subsection redundant. We must presume that the legislature did not, in enacting § 13A-3-23(d), create a meaningless provision. See Ex parte Wilson, 854 So.2d 1106, 1110 (Ala.2002), quoting Ex parte Welch, 519 So.2d 517, 519 (Ala.1987)(“ ‘A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.’ ”).
As Judge Joiner noted in his writing dissenting from the Court’s order in Ex parte Watters, (No. CR-14-1421, November, 10, 2015) — So.3d -, - (Ala.Crim.App.2015)(Joiner, J., dissenting),[2] other states have similarly worded immunity provisions in their self-defense statutes and have held that an accused has the right to a pretrial determination as to whether immunity attaches. See, e.g., Colo.Rev.Stat. Ann. § 18-1-704.5 (2015) (“Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from criminal prosecution for the use of such force.... Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from any civil liability for injuries or death resulting from the use of such force.”); Fla. Stat. § 776.032(1) (2015)(“A person who uses or threatens to use force as permitted in § 776.012, § 776.013, or § 776.031 is justified in such conduct and is immune from criminal prosecution and civil action for the use or threatened use of such force.... As used in this subsection, the term ‘criminal prosecution’ includes arresting, detaining in custody, and charging or prosecuting the defendant.”); Ga.Code Ann. § 16-3-24.2 (2015) (“A person who uses threats or force in accordance with Code Section 16-3-21, 16-3-23, 16-3-23.1, or 16-3-24 shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 of Article 4 of Chapter 11 of this title.”); S.C.Code Ann. § 16-11-450 (2015) (“A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force, unless *131 the person against whom deadly force was used is a law enforcement officer acting in the performance of his official duties and he identifies himself in accordance with applicable law or the person using deadly force knows or reasonably should have known that the person is a law enforcement officer.”).
Courts in those states have interpreted their respective immunity provisions in a manner consistent with the above-stated description of immunity by the Alabama Supreme Court. “Thus, courts in those states have concluded that immunity is a substantive right and, further, that an accused asserting immunity based on a self-defense claim has a right to a pretrial determination on the issue of immunity. See, e.g., People v. Guenther, 740 P.2d 971, 975-76 (Colo.1987); Dennis v. State, 51 So.3d 456, 462 (Fla.2010); Fair v. State, 284 Ga. 165, 166, 664 S.E.2d 227, 230 (2008); State v. Duncan, 392 S.C. 404, 409-10, 709 S.E.2d 662, 664-65 (2011).” Ex parte Watters, — So.3d at - (Joiner, J,, dissenting).
The legislature also failed to specifically lay out an exact procedure for conducting an immunity hearing under § 13A-3-23(d). However, the above-mentioned states have established procedures that we find instructive. In Bunn v. State, 284 Ga. 410, 413, 667 S.E.2d 605, 608 (2008), the Georgia Supreme Court held:
“As a potential bar to criminal proceedings which must be determined pri- or to a trial, immunity represents a far greater right than any encompassed by an affirmative defense, which may be asserted during trial but cannot stop a trial altogether. With this in mind, we take guidance from other jurisdictions and find that, to avoid trial, a defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence. A similar burden is required of defendants who wish to avoid trial and guilt by showing that they are insane or mentally incompetent. See Hester v. State, 283 Ga. 367(3), 659 S.E.2d 600 (2008); Foster v. State, 283 Ga. 47(1), 656 S.E.2d 838 (2008). If a defendant cannot meet his burden of proving immunity prior to trial, he may nonetheless pursue an affirmative defense at trial, even though these affirmative defenses may be based on the same statutory provisions underlying a prior immunity motion. In this instance, the well-established burden of proof for affirmative defenses would be applicable during trial. See, e.g., Bishop v. State, 271 Ga. 291(2), 519 S.E.2d 206 (1999) (([w]hen a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt’).”
We find the Georgia Supreme Court’s- reasoning both persuasive and consistent with Alabama law.
Rule 15.4, Ala. R.Crim. P., allows a defendant to file a pretrial motion asserting defenses and objections to the charge against him. Unless a jury trial of a factual issue relevant ,to a motion is constitutionally required, Rule 15.4 specifically authorizes the determination of “[a]ll other issues of fact raised by [a pretrial motion asserting .defenses. or objections] ... by the court without a jury in such manner as the court may direct.” Accordingly, we hold that a defendant asserting immunity based on self-defense under § 13A-3-23(d), Ala.Code 1975, is entitled to an opportunity to prove that claim by a preponderance of the evidence at a pretrial hearing before the court. In the present case, the trial court was correct in its determination that Harrison was entitled to such a hearing.
*132 I.
We first note that Harrison is not entitled to any relief on his claim that he presented sufficient evidence during trial and after trial to establish that he was immune from prosecution. As noted above, “[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.” Ex parte Auburn University, 6 So.3d 478 (Ala.2008)(internal citations omitted). Although Harrison was entitled to argue at trial, as an affirmative defense, that he acted in self-defense, that argument differs from a pretrial immunity claim in that the remedy for an affirmative defense would be acquittal rather than an avoidance of prosecution altogether. Accordingly, those arguments are without merit.
However, Harrison was given an opportunity before trial to prove that he acted in self-defense and that he was, consequently, immune from prosecution. On June 30, 2013, the trial court conducted a hearing pursuant to § 13A-3-23(d), Ala.Code 1975. At the hearing, Harrison called Timothy Reid, an employee of the nightclub where the incident at issue occurred. Reid testified that he' was working as a security guard on the evening of October 30, 2010, when a patron informed him that several fights were going on in the parking lot. Reid stated that he walked outside and saw Harrison and Gibbs fighting approximately 20 or 25 feet from the front door, at which point Reid told another employee to call the police. According to Reid, Harrison, who was smaller than Gibbs, was bleeding.
Reid testified that, after he told his coworker to call the police, Harrison and Gibbs continued to fight. Reid stated: “[A]nd then I turned around to go back to the door, and somehow they got separated. [Harrison] was kind of between the cars, and [Gibbs] was kind of at the back end of this white Grand Prix, I think it was. And right after that, I seen a gun come up. I don’t know where it came from.” (R. 20-21.) According to Reid, Harrison had the gun and pointed it at Gibbs. Reid further testified as follows:
“Well, [Harrison] held -the gun up. And I just said, Jeremy, don’t do that, man; don’t do that don’t shoot somebody out here. So he put the gun down. After pointing it first, he put it down and then kind of took a couple of steps back to turn and walk away.”
(R. 21.) At that point, Reid testified that Gibbs charged at Harrison and began punching him. Reid stated that the two men then fell to the ground at which point he heard a gunshot. Reid testified that Gibbs stood up, took a few steps and then fell to the ground. According to Reid, Harrison then left the scene. No other witnesses testified regarding the altercation between Gibbs and Harrison.[3]
As noted, the trial court found that Harrison failed to prove by a preponderance of the evidence that he was justified in using deadly physical force. Section 13A-3-23(a), Ala.Code 1975, provides, in pertinent part:
“A person is justified in using physical force upon another person in order to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he or she may use a degree of force which he or she reasonably believes to be necessary for the purpose. *133 A person may use deadly physical force, and is legally presumed to be justified in using deadly physical force in self-defense ... if the person reasonably believes that another person is:
“(1) Using or about to use unlawful deadly physical force.
[[Image here]]
“(3) Committing or about to commit ... assault in the first or second degree .... ”
However, § 13A-3-23(c), Ala.Code, provides:
“Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:
“(1) With intent to cause physical injury or death to another person, he or she provoked the use of unlawful physical force by such other person.
“(2) He or she was the initial aggressor, except that his or her use of physical force upon another person under the circumstances is justifiable if he or she withdraws from the encounter and effectively communicates to the other person his or her intent to do so, but the latter person nevertheless continues or threatens the use of unlawful physical force....”
There was no testimony at the evi-dentiary hearing about how the fight between Harrison and Gibbs began. Thus, the trial court would not have been able to determine who was the initial aggressor. Additionally, Reid testified that at some point during the fight, the two men became separated., After they were separated, Harrison obtained a gun and pointed it at Gibbs. The trial court could have concluded, based on that testimony, that the initial fight had ended and that Harrison instigated a second altercation by pointing a gun at Gibbs. Thus, the trial court’s ultimate determination that Harrison failed to prove, by a preponderance of the evidence, that he acted in self-defense was supported by the record.
Moreover, this Court has held:
“ ‘When evidence is presented ore tenus to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,’ Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); ‘[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,’ Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make ‘ “all the reasonable inferences and credibility choices supportive of the decision of the trial court.” ’ Kennedy v. State, 640 So.2d 22, 26 (Ala.Crim.App.1993), quoting Bradley, 494 So.2d at 761. ‘ “ ‘Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.”” Ex parte Jackson, 886 So.2d [155,] 159 [(Ala.2004)], quoting State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995).”
Washington v. State, 922 So.2d 145, 157-58 (Ala.Crim.App.2005). Because the trial court’s findings were supported by the evidence, this Court will not reweigh that evidence on appeal. Accordingly, Harrison is not entitled to relief on his pretrial immunity claim.
II.
Next, Harrison claims that the trial court gave improper jury charges regarding self-defense. However, Harrison failed to object to the court’s jury instruc *134 tions at trial. (R. 832-33.) It is well settled that
‘“[r]eview on appeal is restricted to questions and -issues properly and timely raised at trial.’ Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). ‘An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.’ Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). ‘“[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.”’ McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted). ‘The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.’ Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). ‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’ Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).”
Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003). Additionally, Rule 21.3, Ala. R.Crim. P., provides:
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before .the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection.”
Because Harrison failed to object to the trial- court’s jqry instructions, his arguments are not preserved for appellate review. . ■
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WINDOM, P.J., and KELLUM and JOINER, JJ., concur. WELCH, J., concurs specially, with opinion.

. Harrison was indicted for murder, see § 13A-6-2, Ala.Code 1975, but was convicted of the lesser-included offense of manslaughter.

. We note that the majority of this Court, by order, denied relief in Watters based on its determination that issuing a writ of mandamus was not proper under the circumstances in that particular case.

. Harrison did call a second witness who authenticated medical records indicating that Harrison was treated for two broken ribs after the incident.