JOINER, Judge.
Jerome LeMont Malone pleaded guilty to second-degree assault, see § 13A-6-21, Ala.Code 1975, and was sentenced to 15 years’ imprisonment.[1] Before pleading guilty, Malone moved to dismiss the indictment on the basis that he was entitled to immunity under § 13A-3-23(d), Ala.Code 1975. In support of that motion, Malone argued that he was entitled to an eviden-tiary hearing before the circuit court regarding his claim of self-defense and that, based on the evidence presented, the circuit court should decide that Malone was immune from prosecution. The circuit court denied the motion on the specific basis that it did not have the authority to decide the question of immunity at a pretrial hearing. At his guilty-plea proceeding, Malone reserved the issue of the denial of his motion to dismiss. On appeal, Malone reiterates his arguments about being entitled to a pretrial determination of immunity under § 13A-3-23(d). We reverse and remand.

*1154
Facts and Procedural History

The following underlying facts were agreed upon by the .parties at the hearing on Malone’s motion to dismiss: On September 7, 2014, Malone was involved in a fight with Michael Nelson. The fight occurred at the house of Jackie Townsend, the maternal grandmother of Malone’s son, Gevon. Gevon and his mother Rachel were visiting Townsend and her fiancé Nelson. Malone went to Townsend’s house to visit Gevon. Nelson answered the door, and Malone asked to see Gevon. Nelson told Malone to leave, and Malone again requested to see Gevon. After Nelson again, told Malone to leave, Malone asked to speak with Rachel. Nelson left to get Rachel, and Malone then entered the house and began talking to Gevon. When Nelson realized Malone had entered the house, he grabbed Malone by the throat and pushed. Malone out of the house. Nelson and Malone fell off the front porch, and Nelson landed on top of Malone. Malone freed himself from Nelson’s grip, stood up, and began walking away. Nelson again grabbed Malone by his throat, however, and, at that point, Malone stabbed Nelson. Malone left the scene but eventually returned and was arrested.
On December, .11, 2014, Malone was indicted for second-degree assault. On March 16, 2015, Malone filed a motion to dismiss the indictment against him, alleging that, pursuant to § 13A-3-23, Ala. Code 1975, he was immune from prosecution because he had acted in self-defense. On March 22, 2015, the circuit court held a hearing on Malone’s motion. As noted above, the circuit court denied Malone’s motion on the basis that it did not have the authority to decide the question of immunity at a pretrial hearing.

Discussion

At issue in this case is Alabama’s self-defense statute, § 13A-3-23, Ala.Code 1975. As amended in 2006, § 13A-3-23, Ala.Code 1975, provides, in relevant part:
“(a) A person is justified in using physical force upon another person in order to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he or she may use a degree of forcé which he or she reasonably believes to be necessary for the purpose. A person may use deadly physical force ... if the person reasonably believes that another person is:
“(1) Using or about to use unlawful deadly physical force.
[[Image here]]
“(3) Committing or about to commit a kidnapping in-any degree, assault in the first or second degree, burglary in any degree, robbery in any degree, forcible rape, or forcible sodomy.
[[Image here]]
“(b) A person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to .retreat and has the right to stand his or her ground.
“(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:
“(1) With intent to cause physical injury or death to another person, he or she provoked the use of unlawful physical force by such other person.
“(2) He or she was the initial aggressor, except that his or her use of physical force upon another person under the circumstances is justifiable if he or she withdraws from the encounter and effectively communicates to the other person his or her intent to do so, but the latter *1155 person nevertheless continues or threatens the use of unlawful physical force.
“(3) The physical force involved was the product of a combat by agreement not specifically authorized by law. ■
“(d) A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.”
At the outset, we note that the parties assume that the force at issue in this case—Malone’s stabbing of Nelson—meets the definition of “deadly physical force” in § 13A-3-20, Ala.Code 1975, as ‘‘[floree which, under the circumstances in which it is used, is readily capable of causing death or serious physical injury.” Thus, our examination of § 13A-3-23 is limited to the facts of this case—i.e., where an accused seeks to justify the use of deadly physical force but does not claim he was- entitled to the “stand-your-ground” provision . of § 13A-3-23(b).
Although Malone and the State agree on the basic facts underlying Malone’s case, they disagree on two central issues relating to the 2006 amendment to the self-defense statute. We address those two issues before examining whether Malone was entitled to a pretrial evidentiary hearing on hisimmunity claim.
I.
Malone and the State disagree first over the effect of the “no-duty-to-retreat” provision added to the self-defense statute by the 2006 amendment, Malone argues that the removal of former subsection (b) restored the common-law rules regarding a duty to. retreat before using deadly force unless the new subsection (b) applies. In other words, under Malone’s view, unless the conditions of the current version of subsection (b) are met; § 13A-3-23 requires courts to use the common law, in evaluating a claim that the use of deadly force was justified under § 13A-3-23.
The State argues that, unless the conditions of the current version of subsection (b) aré met, the amendment to subsection (b) effectively removes from the purview of § 13A-3-23 a claim that deadly force was justified. In other words, the State argues that § 13A-3-23 has no application at all when an accused claims his or her use of deadly force was justified unless that accused meets the criteria of subsection (b). We agree with Malone’s reading of § 13A-3-23.
Before it was amended in 2006, § 13A-3—23(b), Ala.Code 1975, provided, in relevant part:
“(b) Notwithstanding • the provisions of subsection (a), a person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety:
“(1) By retreating, except that the actor is not required to retreat:
“a. If he is in his dwelling or at his place of work and was not the original aggressor; or
“b. If he is a peace officer or a private person lawfully assisting a peace officer at his discretion.”
As noted in .the Commentary to the Code section, § 13A-3-23 in 1975 “cpdifie[d] much of the contemporary doctrine on self-defense and the protection of others. Little distinction exists between former Alabama law and that of these codifications, except in the aspect pertaining to third persons in whose aid defendant has acted.” With regard to former subsection (b) specifically, the Commentary stated:
“Subsection (b) further - qualifies the use of deadly force. If the defendant can avoid the necessity of taking life by *1156 retreating, in general he must give way. Former Alabama law required retreat if it is ‘reasonably apparent’ that it can be done without increasing the danger. Some contemporary codifications require the defendant to ‘know’ that safe retreat is possible. The Criminal Code retains the obligation to retreat in the interest of preserving life, but gives the defendant the benefit of reasonable appearances rather than actual knowledge of an alternative. Not requiring retreat from ‘in’ one’s dwelling or place of business conforms to Alabama case law.”
Thus, former subsection (b) was a codification of the common-law rules regarding a duty to retreat before using deadly force. As noted by one commentator, before its codification in former subsection (b), the duty to retreat had been recognized in Alabama cases for almost a century. See Jason W. Bobo, Following the Trend: Alabama Abandons the Duty to Retreat and Encourages Citizens to Stand Their Ground, 38 Cumb. L.Rev. 339, 354-58 (2008) (discussing the history of the duty to retreat in Alabama cases).
The 2006 amendment to § 13A-3-23 removed former subsection (b) and replaced it with the following:
“A person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground.”
As amended, § 13A-3-23 no longer includes an express codification of the common-law rules regarding the duty to retreat. In recognizing that there is no duty to retreat under certain conditions, however, § 13A-3-23 assumes that the common-law rules regarding a duty to retreat generally remain in effect in evaluating a claim of justified deadly force under § 13A-3-23. Otherwise, the no-duty-to-retreat provision of § 13A-3-23(b) makes no sense. Indeed, as this Court has recently explained:
“Section 13A-3-23(b) provides a qualified exception to the common-law 'rule that required a person to retreat rather than use deadly physical force if that person can retreat without increasing his or her peril. See Kyser v. State, 513 So.2d 68 (Ala.Crim.App.1987) (setting forth the standard concerning a person’s duty to retreat under the common law and under a prior version of. § 13A-3-23). Section 13A-3-23(b) exempts people who are not engaged in an unlawful activity and are in any place where they have the right to be from the common-law rule.”
Wallace v. State, 216 So.3d 464, 472-73 (Ala.Crim.App.2015) (quoting Fuller v. State, [Ms. CR-14-0368, Dec. 18, 2015] — So.3d —, — (Ala.Crim.App.2015) (emphasis added)). Accordingly, an accused who claims to have been justified in using deadly force under § 13A-3-23 must have complied with the common-law rules regarding the duty to retreat unless he or she meets the requirements of § 13A-3-23(b).
II.
The second issue on which Malone and the State disagree is whether the immunity provision of § 13A-3-23(d) applies to an accused’s claim—like Malone’s—that the use of deadly force was justified under § 13A-3-23 and the common-law rules regarding the duty to retreat. Malone argues that, even though he is not asserting a “stand-your-ground” claim of self-defense under § 13A-3-23(b), Ala.Code 1975, he is entitled to a pretrial determination of immunity from prosecution under § 13A-3-23(d). In this regard, Malone argues (1) that § 13A-3-23 sets forth a “general” defense of self-defense by establishing the criteria for evaluating a claim that the use *1157 of deadly physical force was justified, and (2) that the immunity provision of § 13A-3—23(d) therefore applies to any claim of self-defense under § 13A-3-23.
The State, on the other hand, argues that, when deadly force is involved, the immunity provision of § 13A-3-23(d) applies only to a claim specifically involving “stand-your-grounc|” self-defense as provided in § 13A-3-23(b). In support of this claim, the State emphasizes the words “in this section” in subsection (d) and argues that, to be entitled to immunity in a claim involving deadly force, an accused must prove that he meets the requirements of subsection (b), the “stand-your-ground” provision added by the 2006 amendment.
We agree with Malone’s reading of § 13A-3-23. The State’s attempt to limit immunity to only those self-defense claims that also satisfy the conditions for a “stand-your-ground” defense under § 13A-3-23(b) is misguided. As noted above in Part I of this opinion, § 13A-3-23(b) implicitly assumes that the common-law rules regarding the duty to retreat apply to a self-defense claim involving deadly force under § 13A-3-23. In other words, § 13A-3-23 contemplates an interplay between its provisions and the common law. If an accused who claims to have been justified under § 13A-3-23(a) in using deadly force meets the requirements of § 13A-3-23(b), he or she is relieved of the common-law duty to retreat. If the accused does not meet those requirements, however, the common-law rules must be examined in evaluating the self-defense claim under § 13A-3-23.
By its terms, the immunity provision in § 13A-3-23(d) applies to any claim that the use of force was justified under § 13A-3-23, whether that claim involves mere “physical force” or “deadly physical force.” Thus, to be entitled to immunity, an accused who claims that he or she was justified in using deadly force must establish compliance with subsection (a) (and any other applicable provision of § 13A-3-23). Additionally, regarding the duty to retreat, the accused seeking immunity under subsection (d) for the use of justified deadly force may either (1) establish that he or she complied with the common-law rule regarding the duty to retreat or (2) demonstrate that § 13A-3-23(b) applies and that there was thus no duty to retreat.
III.
With the above principles in mind, we turn to the remaining issue in this case (and the specific issue reserved for appeal by Malone at his guilty plea): Whether Malone was entitled to a pretrial hearing on his self-defense immunity claim—including a determination by the circuit court as to the merits of the immunity claim.
As noted above, the circuit court held a hearing on Malone’s motion to dismiss the indictment on the basis that he was immune from prosecution. At that hearing, Malone and the State agreed to the basic facts underlying the charge. Malone informed the circuit court that he had subpoenaed the complaining witness to testify, and Malone asked the circuit court to hold a “factual hearing” and decide whether Malone had established his self-defense claim “by a preponderance of the evidence.” (R. 36.) The circuit court, however, denied Malone’s request for a “factual hearing” and denied the motion to dismiss. The circuit court’s stated position was that it did not have the authority to hold such a hearing or to decide pretrial the question of self-defense.
On appeal, Malone does not ask this Court to hold that, as a matter of law, he is immune from criminal prosecution under § 13A-3-23(d). Rather, Malone asserts that he was entitled to a pretrial determination by the trial court of his immunity claim, and he therefore requests that this *1158 Court- reverse his guilty-plea conviction and remand this matter for a hearing on the immunity claim.
After Malone appealed to this Court and after the briefing was complete in this appeal, this Court decided Harrison v. State, 203 So.3d 126 (Ala.Crim.App.2015), cert. denied, 203 So.3d 126 (Ala.2016). In Harrison, this Court held:
“[B]y using the phrase ‘immune from criminal prosecution,’ in § 13A-3-23(d), the legislature intended to exempt from trial an accused who uses force as justified in § 13A-3-23, unless the accused’s conduct is ‘determined -to be unlawful.’ When read together, those phrases lead to the conclusion that a determination must be made, prior to the commencement [of] trial, as to'whether a defendant’s conduct was justified or whether it was unlawful. The only available mechanism for such determination is a pretrial hearing.
[[Image here]]
“Rule 15.4, Ala. R.Crim. P., allows a defendant to file a pretrial motion asserting defenses and objections to the charge against him. Unless a jury trial of a factual issue relevant to a motion is constitutionally required, Rule 15.4 specifically authorizes the determination of ‘[a]ll other issues of fact raised by [a pretrial motion asserting defenses or objections] ... by the court without a jury in such manner as the court may direct.’ Accordingly, we hold that a defendant asserting immunity based on self-defense under § 13A-3-23(d), Ala.Code 1975, is entitled to an opportunity to prove that claim by a preponderance of the evidence at a pretrial hearing before the court.”
203 So.3d at 130-31.
Thus,' under Harrison, Malone is entitled to a pretrial evidentiary hearing on his claim of immunity.

Conclusion

The judgment of the circuit court is reversed, and the case is remanded for proceedings consistent with- this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
WELCH, J., concurs as to Parts II and III and concurs in the result.

. The circuit court suspended Malone’s sentence and placed him on 24 months’ unsupervised probation. The circuit court also ordered Malone to pay a $50 crime victims’ compensation assessment, a $500 fair-trial-tax assessment, a $175 bail-bond fee, and court costs.